Judge Brogan suggests that, on remand, the court should consider the "equities" of the property division to which the parties agreed. The court could do that in order to determine what the intention of the parties was. However, the "equities" may not be used to modify the property division which the court decreed, which is now a matter beyond the court's jurisdiction. R.C. 3109.171(I).
Nevertheless, I agree that the provision which is the subject of this appeal is ambiguous, and that to resolve that ambiguity the court must consider any relevant evidence probative of the issue presented. That issue is whether the parties intended that Dr. Klug's guarantee to Mrs. Klug would be subject to a condition subsequent, his payment of an outstanding mortgage balance on the property. When the subject provision is read in pari materia with the preceding paragraph of the separation agreement, that interpretation has little to recommend it.
The preceding paragraph, quoted on page 3 of Judge Brogan's opinion, awards the marital residence to Mrs. Klug and obligates Dr. Klug to pay and to save Mrs. Klug harmless on any liability on a note secured by a mortgage on the property. The subject paragraph then expresses the intention of the parties that Mrs. Klug would net $1.3 million from a sale of the property, and to that end obligates Dr. Klug to guarantee that she will. The guarantee formula prescribed requires him to pay her any difference between the gross sale price and $1.3 million, less any mortgage balance then outstanding. Because Dr. Klug is required to pay the mortgage, per the preceding paragraph, he reasonably is entitled to a set-off of any mortgage balance he must pay because the value of his payment presumably will flow to Mrs. Klug in the sale price she receives. Should Mrs. Klug sell the property for more than $1.3 million, she is entitled to retain the excess. However, any amount which Dr. Klug must yet pay her to perform on his guarantee is necessarily reduced by a like amount.
An ambiguity exists when a provision is subject to more than one reasonable interpretation and at least two of them conflict. That definition is satisfied here, but just barely. It is truly a stretch to argue that Dr. Klug's guarantee is conditioned on the existence of an outstanding mortgage balance. Rather, and consistent with the equities of the trade-offs involved, only his right to a set-off is conditioned on the existence of such a balance. Merely the unfortunate order of the sentences in the subject paragraph lends any support to Dr. Klug's version of what it means. Yet, that factor is present, and the trial court must address it.